In the Matter of JACOB L. DIAMOND, an Attorney, Respondent.

First Department, March 10, 1933.

*Einar Chrystie*, for the petitioner.

No appearance for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law at a term of the Appellate Division of the Supreme Court of the State of New York, Second Depart-

ment, on June 10, 1918, and thereafter has been engaged in the general practice of the law.

By the petition and supplemental petition herein he is charged with professional misconduct in two specifications, as follows:

*First.* That Jacob L. Diamond, the respondent, has been guilty of misconduct as an attorney at law, as follows:

In June, 1927, Bertha Semel loaned to one Carl Calman the sum of $830 secured by a chattel mortgage on an automobile owned by Calman. The respondent prepared the chattel mortgage given as security and caused it to be recorded, for which service he received a fee. In November, 1927, the automobile was levied upon by Frederick Schmidt, a city marshal, pursuant to an execution issued to collect and satisfy a judgment previously recovered against Calman by one Benzer. The respondent acted as attorney for Calman in this action and also in another action brought by Calman against Benzer. On or about November 29, 1927, the respondent while acting as attorney for Calman called upon one Ezra Gottlieb, a member of the bar of the State of New York, and stated to him in substance that Calman's automobile had been seized by the marshal, as above stated, and that he had been requested and authorized by Bertha Semel to bring an action to replevy said automobile. The respondent then requested Gottlieb to act as attorney of record for Bertha Semel, the plaintiff in the proposed replevin action, and Gottlieb agreed upon the condition that the respondent would prepare the necessary papers therein. Thereafter the respondent prepared the necessary papers to procure a writ of replevin in an action in the Municipal Court of the City of New York wherein Bertha Semel was named as plaintiff and Carl Calman and Frederick Schmidt, the marshal, were named as defendants, and these papers, after the summons had been signed by Gottlieb as attorney for the plaintiff, were presented to one of the justices of the court by the respondent. The justice, relying upon the statement in said papers, signed a writ of replevin which was subsequently given to one of the marshals of the city of New York for execution. Thereafter the automobile was returned to Calman, the respondent's client. The papers submitted to the court included among others an affidavit purporting to have been signed by Bertha Semel and sworn to by her before Louis Krown as notary public on November 29, 1927. The statements and representations made by the respondent to Gottlieb to the effect that he had been authorized by Bertha Semel to institute an action in her name to recover possession of the automobile were untrue. The signature of Bertha Semel on the affidavit which the respondent presented to the justice of the Municipal Court in support of the

application for a writ of replevin was a forgery. Bertha Semel had never authorized the respondent or any other person to bring an action in her behalf and had never signed or sworn to any affidavit in support of an application for a writ of replevin therein. She did not know of the commencement or pendency of said action until several months after the automobile had been returned to Calman. The respondent caused the said replevin action to be brought in the name of Bertha Semel as plaintiff without her knowledge or authority and submitted to the court the paper purporting to be an affidavit in said action, signed and verified by Bertha Semel, knowing that said paper had not been signed or verified by her.

*Second.* That Jacob L. Diamond, the respondent, has been guilty of misconduct as an attorney at law, as follows:

Some time prior to August 1, 1930, the Eastern Slate Company entered into a contract with the Westchester Housing Corporation whereby the slate company agreed to do certain roofing work on buildings in the course of construction at Pelham, N. Y., belonging to the housing corporation. Thereafter the slate company got into financial difficulties and, being unable to proceed with the work, the contract was canceled. The respondent acted as attorney for the slate company. At the time of the cancellation of the contract he requested the housing corporation to pay the workmen, who had been employed by the slate company on the premises referred to, their wages amounting to $140. On August 22, 1930, a check for that amount was delivered to the respondent's representative, together with a letter, of which the following is a copy:

*" August 22nd,* 1930.

" Jacob L. Diamond, Esq.,
  " # 305 Broadway,
    " New York, N. Y.

" Dear Sir: In handing you the enclosed check for $140.00 in settlement of the account of the Eastern Slate Co., it is with the express understanding which you, as an attorney, must respect, that this money is paid to enable the Eastern Slate Co. to pay off its labor, and be used for no other purpose, until the labor is completely paid.

    " Yours very truly,
   " WESTCHESTER HOUSING CORPORATION
     " By (Manning Stires)
      *" President."*

At the time the check was delivered to the respondent's representative it had written on the face thereof the following: " This

check is in full payment of the following: If incorrect please return. Endorsement is full acknowledgment. No receipt necessary. Labor and material on slate roofing contract cancelled. The acceptance of this check is a complete release of all claims of any nature." The check was drawn to the order of " Eastern Slate Company " and was thereafter indorsed by the payee and also by the respondent, who deposited the same in his bank account and received the proceeds thereof. Instead of using the proceeds of the check or any part thereof for the purpose of paying the wages of the workmen in accordance with the terms of the letter above set forth, the respondent delivered $100 thereof to his client and retained the balance as payment for services alleged to have been rendered in his client's behalf. No part of the money was used for the purpose of paying the workmen as agreed. Thereafter a representative of the labor union of which the workmen were members notified the Westchester Housing Corporation that no further roofing work would be done by the members of the union on the premises belonging to the Westchester Housing Corporation until the wages of the workmen formerly employed on said premises by the Eastern Slate Company were paid. The Westchester Housing Corporation, in order to have the work completed, then paid the workmen their wages amounting to the sum of $101.35.

It is charged that the respondent has been guilty of professional misconduct in failing to use the proceeds of the check for $140 delivered to him as above stated for the purposes set forth in the letter accompanying the same.

The respondent answered, and the matter was referred successively to the Hon. VERNON M. DAVIS and Hon. JOHN PROCTOR CLARKE, official referees, to take testimony concerning the charges and report the same to this court, together with his opinion thereon.

The aforesaid referees died after the taking of testimony but before completion of the hearings and making of report.

The matter accordingly was sent to a third referee, with like instructions. It was duly stipulated that the testimony adduced before the two first-mentioned referees should be considered as having the same force and effect as if given before the referee last appointed.

The learned referee has duly reported, finding the respondent guilty of the aforesaid charges. The matter now comes before this court, upon motion of the petitioner, that the report of the referee be confirmed and that this court take such action as may be deemed just and proper.

With respect to the first charge, the facts alleged therein were substantially conceded. The only substantial issue raised by the

answer of the respondent and disputed before the referee arose out of the contention of the respondent that one Cohen brought to him a woman whom he introduced to the respondent as Mrs. Semel, and that the respondent, in good faith, prepared the affidavit in the name of Bertha Semel, which affidavit said woman signed and verified, and that respondent, in reliance upon said affidavit and in good faith, instituted and prosecuted the aforesaid action in replevin. The record clearly refutes this contention, and demonstrates the testimony of the respondent to have been false.

In respect of the second charge, the respondent denied the receipt of the letter expressing the understanding that the check for $140 was delivered upon the understanding and agreement that it should be used only for the payment of labor. As against this denial was positive and detailed testimony of the delivery of said letter, together with the check to the messenger whom the respondent had sent for the check. The respondent failed to call this messenger as a witness. It is further shown by the testimony of Mrs. Fay Dubrow, to whom the respondent turned over $100 out of the proceeds, and whom the respondent called as a witness, that the respondent knew of the condition attached to the delivery of the check. Notwithstanding this, the respondent cashed the check, diverted $40 thereof to the payment of his own fee, and turned the balance over to his client, rendering it possible for the latter also to violate the condition, as in fact was done.

The record fully sustains the finding of the learned referee that the respondent is guilty of the second charge also. It shows, further, that the respondent has no adequate conception of the duties, responsibilities and ethics of his profession. He has not hesitated to trifle with and deceive the court and to commit perjury and subornation of perjury. Upon this motion to confirm the report of the referee, the respondent has not appeared. He is unfit to remain a member of an honorable profession, and should be disbarred.

MERRELL, MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Respondent disbarred.